UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-04205-CAS(PLAx) | Date | July 19, 2016 |
|---|---|---|---|
| Title | JEANNIE B. HOBERT V. WILMINGTON SAVINGS FUND SOCIETY FSB, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - RESPONSE OF PLAINTIFF JEANNIE B HOBERT TO JUNE 28, 2016 ORDER TO SHOW CAUSE (Dkt. 12, filed July 11, 2016)

PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION (Dkt. 13, filed July 13, 2016)

On January 29, 2016, plaintiff filed an action, Jeanie Hobert v. Wilmington Saving Fund FSB, et al., Case No: 2:16-cv-00657-CAS-PLA ("Hobert I"), before this court. In Hobert I, plaintiff named Wilmington Saving Fund Society, FSB ("Wilmington") and Statebridge Company, LLC ("Statebridge") as defendants and asserted claims for (1) Violation of 15 U.S.C. § 1681i of the Fair Credit Reporting Act; (2) Invasion of Privacy; (3) Negligent, Wanton, and/or Intentional Hiring and Supervision of Incompetent Employees or Agents; and (4) Violation of 15 U.S.C. § 1692 of the Fair Debt Collections Practices Act. Hobert I, Dkt. 1. On March 17, 2016, the defendants in Hobert I filed a motion to dismiss plaintiff's complaint, Dkt. 11, and, on May 24, 2016, the Court granted defendants' motion, Dkt. 23. The Court granted defendants' motion without prejudice and provided plaintiff with twenty days in which to file an amended complaint. Dkt. 23, at 20. In granting plaintiff leave to amend, the Court expressly stated:

> Plaintiff may not plead additional claims or add allegations that are not intended to cure the specific defects the Court has noted. Should any amended complaint exceed the scope of leave to amend granted by this order, the Court will strike the offending portions under Rule 12(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'   JS-6

| Case No. | 2:16-cv-04205-CAS(PLAx) | Date | July 19, 2016 |
|---|---|---|---|
| Title | JEANNIE B. HOBERT V. WILMINGTON SAVINGS FUND SOCIETY FSB, ET AL. | | |

Id. at 20.  Plaintiff failed to file an amended complaint within the twenty days provided for in the Court's order.  Accordingly, on June 24, 2016, the Court dismissed Hobert I with prejudice.  Dkt. 24.

On June 13, 2016, plaintiff initiated this action, Hobert II, against defendants Wilmington and Statebridge and naming, as new defendants, Fay Servicing and Does 1 through 10.  Hobert II, Dkt. 1.  In her complaint in Hobert II, plaintiff asserts thirteen new claims for relief which were not raised in her complaint in Hobert I.  As stated above, when the Court granted plaintiff leave to amend her complaint in Hobert I it did not grant plaintiff leave to add additional parties and claims.

On June 28, 2016, the Court issued an Order to Show Cause ("OSC") instructing plaintiff to explain in writing why her complaint in Hobert II should not be stricken for failure to seek leave to add additional claims.  Dkt. 10.  On July 11, 2016, plaintiff filed a response to the Court's OSC.  Dkt. 12.  Thereafter, on July 18, 2016, plaintiff filed a First Amended Complaint ("FAC") in Hobert II.  Dkt. 17.  Like her original complaint in Hobert II, plaintiff's FAC asserts claims that were not raised in her complaint in Hobert I.

In her response to the Court's OSC, plaintiff states, in pertinent part:

> Plaintiff was unaware that the order to amend was an actual dismissal without prejudice, curable only be amendment, and that filing a new complaint was procedurally prohibited.  Plaintiff seeks leave to prosecute the within claim upon which relief can be granted, with due allowance for Plaintiff to procedurally comply with the requirements of the Court and law.

Dkt. 12, at 3.  It appears that plaintiff is contending that she was unaware that, per the Court's order dismissing her complaint in Hobert I, she was prohibited from filing an amended complaint asserting additional claims for relief.  Nonetheless, the Court's order was explicit: "Plaintiff may *not* plead additional claims or add allegations that are not intended to cure the specific defects the Court has noted."  Dkt. 23, at 20 (emphasis added).  Accordingly, the Court rejects plaintiff's contention that she was unaware that the Court had prohibited her from filing a new complaint asserting additional claims for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-04205-CAS(PLAx) | Date | July 19, 2016 |
|---|---|---|---|
| Title | JEANNIE B. HOBERT V. WILMINGTON SAVINGS FUND SOCIETY FSB, ET AL. | | |

In addition, to the extent plaintiff wished to file a complaint asserting additional claims for relief, she was required to seek leave pursuant to Federal Rule of Civil Procedure 15. However, even had plaintiff sought leave pursuant to Rule 15, the Court would have denied such a request because, upon the Court's review of plaintiff's complaint and FAC, granting leave to amend would appear to be futile in this case. See also Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where amendment would be futile). Accordingly, the Court hereby **STRIKES** plaintiff's complaint and FAC in Hobert II and **DISMISSES** this action **WITHOUT PREJUDICE**.

Plaintiff has also filed an application for a temporary restraining order. Dkt. 13. In her application, plaintiff requests that the Court issue a temporary restraining order preventing defendant Wilmington or the Los Angeles County Sheriff's department from taking any steps to deprive Plaintiff of her residence, including by evicting her. This is now the second time plaintiff has filed an application for a temporary restraining order requesting that the Court enjoin defendant Wilmington and the Los Angeles County Sheriff's department from taking steps to remove her from her residence. Nonetheless, as the Court has already explained to plaintiff, because her residence has already been the subject of an unlawful detainer action in which judgment was entered in favor of defendants, it would be a violation of the Anti-Injunction Act, 28 U.S.C. § 2283, for the Court to issue a temporary restraining order preventing defendants from enforcing that judgment. See Dkt. 9, at 1 (citing Halajian v. Deutsche Bank Nat. Trust Co., 2012 WL 1833941, at *2 (E.D. Cal. May 18, 2012) (finding that it would violate the Anti-Injunction Act to issue a temporary restraining order staying unlawful detainer proceedings by "postponing enforcement of judgment"); McKinney v. Citi Residential Lending, Inc., 2016 WL 499346, at *2 (S.D. Cal. Feb. 9, 2016) (same)); see also Le v. 1st Nat. Lending Servs., 2013 WL 2555556, at *2 (N.D. Cal. Jul. 7, 2013) ("Numerous district courts have found that the Anti–Injunction Act, 28 U.S.C. § 2283, prohibits a federal district court from issuing a temporary restraining order staying unlawful detainer proceedings in state court."). Accordingly, the Court lacks the authority to grant plaintiff's requested relief. The Court, therefore, **DENIES** plaintiff's application for a temporary restraining order.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |